USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/31/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VINCE DEMARIA,

           Plaintiff,

- against -                        23 CV 3627 (PAE) (SN)

NEW YORK STATE UNIFIED COURT SYSTEM
and NEW YORK STATE OFFICE OF COURT
ADMINISTRATION,

           Defendants.

---

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

**WHEREAS**, on May 1, 2023, Plaintiff VINCE DeMARIA ("Plaintiff") filed this civil action (the "Action") against Defendants NEW YORK STATE UNIFIED COURT SYSTEM ("UCS") and NEW YORK STATE OFFICE OF COURT ADMINISTRATION (respectively, "UCS" and "OCA" and, collectively, "Defendants"); and

**WHEREAS**, Plaintiff and Defendants (collectively, the "Parties") have agreed to take those steps necessary to preserve the confidential, proprietary and/or privileged nature of information disclosed during the course of the Action;

**IT IS HEREBY AGREED THAT:**

1

**<u>Definitions</u>**

  1. As used in this Confidentiality Stipulation and Protective Order (the "Order"), unless otherwise specified, the term "Producing Party" means the party, or person other than a party, being asked to produce or asserting a confidentiality interest in information or documents designated by that party or person as Confidential Information, as defined in Paragraph 3 below.

  2. As used herein, unless otherwise specified, the term "Receiving Party" means any and all parties receiving or requesting production of material or information designated by the Producing Party as Confidential Information.

  3. As used herein, unless otherwise specified, the term "Litigation Documents" means all briefs, affidavits, declarations, submissions and related papers filed in the Action, all documents produced or exchanged in the course of the Action or any settlement negotiations, and all transcripts of testimony given in depositions or at hearings or trial in the Action.

  4. Counsel for any party may designate the following documents, Litigation Documents, and information, whether or not embodied in any physical or electronic medium, in whole or in part, as "Confidential Information" if counsel determines, in good faith, that such designation is necessary to protect confidential trade secrets, proprietary information, and/or non-public personal information: (a) personally identifying information, contact information (including personal email

addresses), employment history, or family history; (b) personnel files containing information that identifies specific individuals; (c) medical, psychological, or mental health records and other medical information; (d) information of a personal or intimate nature concerning an individual (including, but not limited to, information concerning medical conditions and private family affairs); (e) financial information; (f) Social Security numbers; (g) dates of birth; (h) guidelines or procedures of OCA that are not made publicly available; (i) documents in the possession of OCA, UCS, the UCS Inspector General, or other UCS entities, which are not subject to disclosure pursuant to the NYS Public Officers Law Section 84, *et seq.* ("FOIL") or are otherwise deemed confidential by other means; (j) any category of information hereinafter agreed upon by the parties or given confidential status by the Court; or (k) testimony about documents and information covered by paragraph 4 (a) – (j); provided, however, that any individual has the right to waive confidentiality with respect to information pertaining to him, her, or it.

5. As used herein, unless otherwise specified, the term "Termination" means the final resolution of the Action, including all appeals.

**Disclosure of Confidential Information**

6. All matters and materials designated as Confidential Information shall be used solely for the purposes of this Action and solely to the extent necessary for the litigation of this Action, including in court filings, testimony, and any appeal, and

shall not otherwise be revealed, disclosed or made available for inspection or copying, directly or indirectly, in whole or in part, except to the following persons or entities:

    (a)  this Court, its personnel, and any jury that may be empaneled;

    (b)  a court reporter or videographer transcribing or recording a deposition, conference, hearing or trial in the Action;

    (c)  the Parties;

    (d)  counsel for the Parties and persons acting under counsel's supervision (including attorneys, law clerks, paralegals, legal assistants, secretaries and clerks and independent contractors) in connection with the Action;

    (e)  photocopying, data processing, or graphic production services engaged by the Parties or counsel for the Parties in connection with the Action;

    (f)  experts retained by the Parties for the purpose of consulting and/or testifying in the Action;

    (g)  current employees of the Office of Court Administration who would normally have access to such information;

    (h)  deposition witnesses, trial witnesses, and potential deposition or trial witnesses, who authored, received, or otherwise had or should have had access to, familiarity with, or knowledge of the facts and circumstances to which the Confidential Information relates;

    (i)  interpreters and/or translators hired to provide services for the Parties in connection with the Action; and

    (j)  any other person as to whom the Parties agree in writing in accordance with this Order.

7. A copy of this Order shall be delivered to each person within categories (a), (b), (c), (d), (f), (h), (i), and (j) of paragraph 6 to whom disclosure of Confidential Information is made, at or before the time of disclosure, by the person making the disclosure. The provisions of this Order shall be binding upon such person to whom a disclosure of Confidential Information is made.

**Designation of Confidential Information**

8. Confidential Information contained in a document or thing shall be designated specifically by marking the document or thing, or any confidential portion thereof, as "CONFIDENTIAL."

9. The inadvertent or unintentional production of Confidential Information that has not been so designated shall not be deemed a waiver, in whole or in part, of the right to the confidential treatment of such Confidential Information. Documents containing Confidential Information that a Producing Party inadvertently failed to designate may be appropriately designated confidential at any time after production. After discovery of the inadvertent production of Confidential Information, counsel for the Party asserting confidentiality shall notify all other Parties that the material shall be treated as Confidential Information as under Paragraph 4 above and provide replacement pages marked "CONFIDENTIAL." The Receiving Party shall not be in violation of this Order for any disclosures of such Confidential Information made prior to such notice, which

would have been authorized by this Order but for the subsequent designation by notice. If the Receiving Party disclosed such Confidential Information prior to being notified, the Receiving Party will promptly inform the Producing Party of such disclosure.

10. Testimony at any deposition may be designated by any Party as Confidential Information. Any assertion of Confidential Information in any part of a deposition transcript shall be communicated in writing to all Parties within thirty days after the Party making the assertion receives the transcript, and the writing shall designate the specific pages and lines of the transcript that contain Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. All deposition transcripts shall be deemed Confidential Information for thirty days following all Parties' receipt of the transcript to afford the Parties the opportunity to designate the transcript or portions thereof Confidential Information.

11. The Receiving Party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made and its failure to do so at that time shall not operate as a waiver of its right to request that the Court determine the propriety of the designation at any subsequent time or in any way preclude a subsequent challenge to such designation, except as provided in Paragraph 12 below.

12. In the event any Receiving Party disagrees at any stage of these proceedings with the Producing Party's designation or non-designation of Confidential Information, the Receiving Party shall notify all other Parties of its objections in writing and the Parties shall confer in good faith to resolve the disagreement. If the dispute cannot be resolved to the satisfaction of all Parties, a Party may seek relief from the Court. Such applications shall comply with the Local Rules of the Southern District of New York and the Individual Practices of the District Judge or Magistrate Judge who is overseeing discovery in this action. The Party or Parties asserting confidentiality shall bear the burden of demonstrating the propriety of the designation to the satisfaction of the Court. Until any dispute under this paragraph is either resolved informally or ruled upon by the Court, the Confidential designation shall remain in full force and effect and the information designated as confidential shall continue to be accorded the confidential treatment required under this Order.

13. In the event that any Party wishes to file documents or Litigation Documents containing designated Confidential Information prior to the trial of this action, that party must confer with all other Parties to consider whether redaction of Confidential Information can resolve the issue. If the Parties cannot agree on such a resolution, then the Party wishing to file the documents or Litigation Documents may request leave of the Court to file such documents or

Litigation Documents under seal. Such applications shall be made at least 3 days prior to the deadline for the filing in question and shall comply with the Local Rules of the Southern District of New York, including its ECF Rules and Instructions, and the Individual Practices of the District Judge or Magistrate Judge who is presiding over the motion or other application on which the Party wishes to submit the Confidential Information. Until the application for leave to file under seal is resolved by the Court, the Confidential designation shall remain in full force and effect and the information designated as confidential shall continue to be accorded the confidential treatment required under this Order.

14. If a party intends to use or elicit testimony concerning Confidential Information at trial or in open court on any other occasion in a manner that will disclose Confidential Information, the party intending to so use the Confidential Information shall take all steps reasonably required to protect the material's confidentiality during such use.

15. This Order shall not be construed as a waiver by the Parties of any objection that might be raised as to the admissibility or relevance of any evidentiary material. This Order does not preclude any party or person from opposing the disclosure, production, or use of any information on any grounds (including grounds of privilege).

16. This Order shall not preclude counsel for the Parties from using any

documents or information designated as Confidential Information during any deposition in this Action.

17. All documents marked as confidential shall be maintained by the Parties and/or counsel in a confidential manner, secure within their possession, and shall not be given, shown, or described to any persons other than those described in Paragraph 6. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

18. Within 60 days after Termination, the Receiving Party shall, at its election, either destroy or return to the Producing Party the original and all copies of Confidential Information produced to the Receiving Party. The Receiving Party shall instruct all persons in receipt of Confidential Information pursuant to sub-paragraph (c), (d), (f), (h), (i), and (j) of paragraph 6 of their obligation to destroy or return it. Notwithstanding the foregoing, counsel for any party shall be entitled to retain: (a) one copy of documents constituting work product, pleadings, motion papers, discovery demands and responses, deposition transcripts, and deposition and trial exhibits, and (b) all Confidential Information, as well as court papers, trial transcripts, exhibits and attorney work product, including but without limitation abstracts or summaries of Confidential Information, if required by applicable bar

rules and malpractice policies, provided that any such materials are maintained and protected in accordance with the terms of this Order.

19. Insofar as the provisions of this Order restrict the use or communication of any document or information produced hereunder, this Order shall continue to be binding after Termination and the Court shall retain jurisdiction of all persons and Parties bound by this Order for the purposes of its enforcement.

20. Nothing in this Order shall be construed to limit, modify, or interfere in any manner with:

   a. Defendants' disclosure obligations under the New York Freedom of Information Law ("FOIL"), New York Public Officers Law Article 6, and related state law, regulations, and judicial decisions;

   b. The interpretation, application, and implementation by UCS, its public access officers, and state courts, of FOIL and related state law, regulations, and judicial decisions as well as other laws and regulations;

   c. Any Party's use, in the ordinary course of business and as permitted by law outside of this Action, of documents and information designated as Confidential in the Action that the Party legally has in its possession and which were not received through discovery in this Action, through pre-Action communications between Plaintiff (or his

        counsel) and Defendants (or their counsel), or through releases or authorizations signed by Plaintiff;

    d.     Any Party's use of its own Confidential Information;

    e.     Notwithstanding any provision set forth herein, any Party may use without restriction information that is in its possession by means other than receipt of a production pursuant to this Order or through pre-Action communications, except that each Party is bound by any applicable rule or law regarding confidential treatment of such Confidential Information used in this Action.

21.     The Parties agree that the Parties are not obligated to generate a privilege log of emails, correspondence and other forms of communication solely among counsel to the Parties in the Action, nor of communications solely between counsel and any Parties that counsel represents in the Action for communications occurring after the commencement of this action. In addition, privilege logs will not be produced with respect to documents drafted by attorneys for the parties, or by their retained investigators or experts that are subject to the attorney work product doctrine, including notes, reports, memoranda, and pleadings. This Order shall not exempt from any otherwise applicable privilege log requirement materials with respect to which a party asserts the deliberative process privilege, the law enforcement privilege, or any other privilege or immunity applicable specifically to

government entities or agents. Nothing in this agreement shall be deemed or construed to have any bearing on whether a given privilege or immunity from disclosure is applicable or has been invoked properly with respect to a given document or communication.

    22.    The production of privileged or work-product protected documents, information, or electronically stored information ("ESI"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. Inadvertent disclosures of material protected by the attorney-client privilege, the work product doctrine, or other applicable evidentiary privileges and immunities shall be handled in accordance with Federal Rule of Civil Procedure 26 (b) (5) (B) and Federal Rule of Evidence 502. Upon request by the Producing Party or discovery of an inadvertent disclosure by the Receiving Party, the Receiving Party shall immediately return or destroy any and all copies of such inadvertently produced document(s) that are in its possession, and shall immediately destroy or sequester any attorney work product, such as notes or memoranda, that discloses the contents of such documents. The Receiving Party shall immediately inform the Producing Party if the Receiving Party has sequestered any notes or memoranda. The Producing Party must preserve any inadvertently produced document(s) until all disputes regarding the discoverability of the document(s) have been resolved. If the Court ultimately determines that the

inadvertently produced material is privileged, then the Receiving Party shall destroy all sequestered notes and memoranda within five days of such court order. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

23. Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by the Parties, the Parties will treat this Protective Order as though it had been so-ordered.

24. This Order may be modified, in whole or in part, by order of the Court, upon consent of the Parties, or upon consideration of the motion of one or more of the Parties or the person or entity seeking such modification.

25. This Order may be executed in counterparts, which together shall constitute one agreement, and execution by facsimile or pdf copy shall be deemed proper execution.

**SO ORDERED.**

Dated: January 31, 2025
      New York, New York

_____
SARAH NETBURN
United States Magistrate Judge

ACCEPTED AND AGREED:

SIRI & GLIMSTAD LLP  
*Attorneys for Plaintiff*

DAVID NOCENTI, ESQ.  
Counsel,  
   Office of Court Administration  
*Attorney for Defendants*

_____/s/ Jack Spitz_____  
Jack R. Spitz, Esq.  
8 Campus Drive, Suite 105 PMB#1161  
Parsippany, New Jersey 07054  
(212) 532-1091  
jspitz@sirillp.com

_____  
Pedro Morales, Esq.              (Date)  
Office of Court Administration  
N.Y.S. Unified Court System  
25 Beaver Street - 10th Floor  
New York, New York 10004  
(212) 428-2150  
pmorales@nycourts.gov

ACCEPTED AND AGREED:

SIRI & GLIMSTAD LLP
*Attorneys for Plaintiff*

DAVID NOCENTI, ESQ.
Counsel,
  Office of Court Administration
*Attorney for Defendants*

_____
Jack R. Spitz, Esq.
8 Campus Drive, Suite 105 PMB#1161
Parsippany, New Jersey 07054
(212) 532-1091
jspitz@sirillp.com

_/s/ Pedro Morales_  1-30-25
Pedro Morales, Esq.         (Date)
Office of Court Administration
N.Y.S. Unified Court System
25 Beaver Street - 10th Floor
New York, New York 10004
(212) 428-2150
pmorales@nycourts.gov