UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                     :

VINCE DEMARIA,                        :     **SETTLEMENT AGREEMENT,**
                                    : : **GENERAL RELEASE, AND ORDER**
                    Plaintiff, : **OF DISMISSAL WITH PREJUDICE**
                                    :

            -against-                :       23-cv-03627 (PAE) (SN)
                                    :

NEW YORK STATE UNIFIED COURT      :
SYSTEM and NEW YORK STATE OFFICE OF   :
COURT ADMINISTRATION            :
                                    :

                    Defendants. :
-------------------------------------------------------------------X

       This SETTLEMENT AGREEMENT, GENERAL RELEASE AND ORDER OF DISMISSAL WITH PREJUDICE (hereinafter "Settlement Agreement") is made by and between Plaintiff Vince DeMaria ("Plaintiff") and Defendants New York State Unified Court System and New York State Office of Court Administration (hereinafter "Defendants"), as of the date this Settlement Agreement is "So Ordered" by a Judge of the United States District Court for the Southern District of New York:

       **WHEREAS**, on or about May 2, 2023, Plaintiff commenced the above-captioned civil action by filing a complaint (the "Complaint") in the United States District Court for the Southern District of New York, Index Number 23-cv-03627, against Defendants;

       **WHEREAS**, the Complaint alleged two causes of action against Defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII");

       **WHEREAS**, on August 8, 2025, following Plaintiff's motion for partial summary judgment pursuant to Fed. R. Civ. P. 56 and Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 , the Court dismissed Defendants' undue hardship defense and Plaintiff's

First Cause of Action;

**WHEREAS**, the claims and allegations in the Complaint, together with any related filings and proceedings, constitute "the Action";

**WHEREAS**, Defendants and the State of New York expressly deny any wrongful conduct or liability, or violation of any federal, state or local statute, ordinance or law, in connection with the events alleged in the Action;

**WHEREAS**, Plaintiff and Defendants desire to fully resolve the Action and any and all other disputes, whether known or unknown, between them without further litigation before any court or other agency and without admission of fault or liability;

**WHEREAS**, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action; and

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, Plaintiff and Defendants hereby stipulate and agree, and the Court orders, as follows:

1.    **Dismissal of the Action with Prejudice:**  The Action and all claims asserted therein – or which could have been asserted therein based on allegations made in the Complaint or otherwise – are hereby dismissed against Defendants, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amount specified in Paragraph 2 of this Settlement Agreement.

2.    **Payments to Plaintiff and Plaintiff's Attorneys:**  For and in consideration of Plaintiff's execution of this Settlement Agreement, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with

prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare as set forth in Paragraphs 7 and 8, the State of New York, on behalf of Defendants, shall pay the total sum of One Hundred and Ninety-Five Thousand One Hundred-Fifty Dollars and No Cents ($195,150.00) in full and complete satisfaction of all claims, allegations, or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against Defendants, including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities, and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof) arising out of any conduct, acts or omissions prior to, and as of the date of this Settlement Agreement, including but not limited to those asserted in the Action. Payment of the above-referenced sum shall be made as follows:

(a)    The State of New York, on behalf of the Defendants shall pay the gross sum of Sixty Thousand Dollars and No Cents ($60,000.00), for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of any and all claims, allegations, or causes of action for compensatory damages (including, but not limited to, physical injury, pain and suffering, mental and emotional anguish and trauma, reputational damages, punitive damages, and liquidated damages), and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted in the Action against Defendants. The foregoing payment shall be made payable to "Vince DeMaria" and mailed to Siri & Glimstad LLP, c/o Kimberly Hertz, 308 Kendallwood Drive, Meridianville, AL 35759.

(b)    The New York State Unified Court System on behalf of the Defendants shall pay the gross sum of Fifty-Five Thousand Six Hundred and Eighty-Five Dollars and No Cents ($55,685.00), less any and all applicable withholdings, payroll deductions and taxes in full and

3

complete satisfaction of all claims, allegations, or causes of action for lost wages and benefits (including but not limited to lost wages, benefits, back pay, front pay, severance pay, commissions, bonuses, reimbursements, pension plan contributions, and any non-vested retirement pension, health, or savings plan benefits, or other compensation). The foregoing payment shall be made payable to "Vince DeMaria" and mailed to Siri & Glimstad LLP, c/o Kimberly Hertz, 308 Kendallwood Drive, Meridianville, AL 35759.

(c)     The State of New York, on behalf of the Defendants shall pay the gross sum of Seventy-Nine Thousand Four Hundred and Sixty-Five Dollars and No Cents ($79,465.00), for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action as well as in connection with any other proceeding, administrative, judicial or otherwise. The foregoing payment shall be made payable to "Siri & Glimstad, LLP in trust and as attorney for Vince DeMaria" and mailed to Siri & Glimstad LLP, c/o Kimberly Hertz, 308 Kendallwood Drive, Meridianville, AL 35759.

3.      **State Approval of Payments:** Payment of the settlement amount specified in Paragraph 2 of this Settlement Agreement is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's attorney agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment,. In the event that the State does not approve the payments specified in Paragraph 2 of this Settlement Agreement, then Plaintiff shall be entitled to petition the Court to have the Action reinstated and Defendants shall waive any and all defenses that could be raised in connection with the reinstatement of the Action by the

4

Court. Further, since the remittances set forth above in Paragraph 2 of this Settlement Agreement are a material term, the State's failure to approve said payments shall render this Settlement Agreement null and void.

4.    **Accrual of Interest:** In the event that payment of the settlement amount specified in Paragraph 2 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Settlement Agreement, entered on the docket by the Clerk of Court, together with all other requested documentation, including, without limitation, documentation required under Paragraphs 3 and 6 of this Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day. In the event the Court does not "so order" this Settlement Agreement, interest on any part of the sum not paid by the one hundred twentieth day shall begin to run on the one hundred twenty-first (121st) day after receipt by the OAG of all documentation reasonably necessary required under Paragraphs 3 and 6 of this Settlement Agreement. In the event that payment of the settlement amount specified in Paragraph 2 of this Settlement Agreement constitutes "funds of a convicted person" within the meaning of N.Y. Exec. Law § 632-a, then the aforementioned one hundred twenty (120) day period shall be extended by an additional thirty (30) days to allow for compliance with that law.

5.    **Responsibility of Plaintiff and Plaintiff's Attorneys for Taxes:** Any taxes, or interest or penalties on taxes, on the payments referred to in Paragraph 2 of this Settlement Agreement shall be the sole and complete responsibility of Plaintiff (or Plaintiff's attorneys respectively, for fees paid to said attorneys). Plaintiff and Plaintiff's attorneys acknowledge and agree that they shall have no claim, right, or cause of action against UCS and/or OCA (including,

but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities), nor the State of New York, or any of its agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, on account of such taxes, interest, or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless Defendants, and the State of New York, or its present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

6.    **Medicare Certification:** Plaintiff certifies that he has not received treatment for any injuries related to this lawsuit and has not had medical treatment of any kind paid for by Medicare and, as such, there are no medical expenses relating to the injuries alleged herein. Plaintiff does not anticipate seeking medical treatment for injuries alleged in this action. Plaintiff agrees to deliver a fully executed and notarized Affidavit of Medicare Eligibility Status in the form annexed hereto as Exhibit A ("Medicare Affidavit") to the Office of the Attorney General. Plaintiff acknowledges and understands that receipt of this document by the Office of the Attorney General is a prerequisite to payment of the settlement amounts referenced in Paragraph 2, and that this document falls within the category of "other documentation" and "required documentation" described in Paragraphs 3, and 4 of this Settlement Agreement.

7.    **Responsibility of Plaintiff for Liens and Setoffs:** Plaintiff acknowledges and agrees that neither Defendants, nor the State of New York (including, but not limited to, any of its agencies, centers, schools, entities, departments, offices, subdivisions, officials, employees, or

6

agents, whether in their individual or official capacities), shall be responsible for any liens or setoffs of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, Medicare, Medicaid, or child support liens, or liens for attorneys' fees, costs, disbursements, or expenses) which may attach by operation of law or otherwise to any settlement amount specified in Paragraph 2 of this Settlement Agreement. Plaintiff acknowledges and agrees that he shall have no claim, right, or cause of action against Defendants, and/or the State of New York (including, but not limited to, any of its agencies, centers, schools, entities, departments, offices, subdivisions, officials, employees, or agents, whether in their individual or official capacities) on account of any such liens or setoffs.

8.    **Responsibility for Medicare Payments and/or Liens:** Plaintiff agrees to defend, indemnify, and hold harmless Defendants, and/or the State of New York (including, but not limited to, any of UCS's and/or OCA's officials, employees, or agents, whether in their individual or official capacities) regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, the Defendants, State of New York and/or UCS and/or OCA and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter. Upon receipt of all required documentation under Paragraphs 3 and 6 of this Settlement Agreement, payment of the settlement amount specified in Paragraph 2 of this Settlement Agreement shall be made in accordance with the terms set forth herein.

9.    **Covenant Not to File Claim in Court of Claims:** Plaintiff warrants and represents that, as of the date of this Settlement Agreement, he has not filed or sought permission to file with the New York Court of Claims a claim against the Defendants, State of New York, or its

present and former agencies, entities, departments, offices, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, including but not limited to the Defendants, or any other person or entity based in whole or in part upon any of the acts, transactions, occurrences or omissions asserted in the Complaint in the Action, and further covenant and agrees never to do so in the future.

10.     **General Release:**  For and in consideration of the agreement by the State of New York and Defendants to pay the monies referenced in Paragraph 2 of this Settlement Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby release and forever discharge Defendants, and the State of New York, together with all of its present and former agencies, entities, departments, offices, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, whether in their individual or official capacities, or any of them, or all of them (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement, including but not limited to: (a) any and all claims regarding or arising out of the acts, transactions, occurrences, or omissions which

8

are described, alleged, or contained in the Action, including without limitation the Complaint in the Action, and in the special proceeding commenced in the New York State Supreme Court, New York County and appealed to the New York State Supreme Court, Appellate Division, First Judicial Department, entitled Vincent DeMaria v. State of New York - Unified Court System and New York State Office of Court Administration, New York County Clerk's Index No. 160310/2022, Appellate Docket No. 2023-06697 ("Special Proceeding"); (b) any and all claims for attorneys' fees, costs, disbursements and all other expenses incurred by or on behalf of Plaintiffs in connection with the Action, and any other action or proceeding, whether judicial, administrative or otherwise; (c) any and all claims regarding or arising directly or indirectly from Plaintiffs' association with any of the Released Parties or the terms and conditions of their association with any of the Released Parties; (d) any and all claims of access to courts, conspiracy, retaliation, or discrimination based upon disability, age, race, color, national origin, ancestry, religion, marital status, sex, sexual harassment, sexual orientation, gender identity, citizenship, military service, status, or medical condition, whether actual or perceived; (e) any and all claims under federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders, including but not limited to claims under 42 U.S.C. §§ 1981-1988, Title VI, Title VII, Title IX, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., the New York State Human Rights Law New York Executive Law § 296, et seq., the New York City Human Rights Law, New York City Administrative Code § 8-101, et seq., the New York State Labor Law, including but not limited to claims related to minimum wage, overtime, spread

9

of hours, commissions, tips or gratuities, and all claims arising under the Wage Theft Prevention Act and N.Y. Labor Law §§ 190, 215, 651, 652, 740 and 741 et seq., N.Y. Civil Service Law § 75-b, the United States Constitution, the New York State Constitution, the New York City Charter, and any other federal, state or local law; (f) any claims of retaliation for participation in a protected activity and/or engaging in any activity protected under any federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders; (g) any and all claims for salary, bonuses, earnings, minimum wage pay, overtime pay, severance pay, vacation pay, sick pay, incentive pay, clinical practice income, or other compensation, or any non-vested retirement, pension, or savings plan or other benefits; (h) any and all grievances pursuant to any applicable collective bargaining agreement; and (i) any and all other claims, whether for moneys owed, damages (including but not limited to claims for equitable relief, compensatory, punitive, or other damages), vocational services, breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, assault, battery, infliction of emotional distress, tortious interference with contract, tortious interference with business relations, tortious interference with prospective contractual relations, tortious interference with prospective business relations, violation of public policy, wrongful or constructive discharge, or any other tort, or any claim for costs, fees, or other expenses, including attorneys' fees, or any other claims under federal, state, or local law relating to employment, education, vocational services, discrimination, retaliation, retirement, or otherwise. Except for the rights and obligations set forth in this Settlement Agreement, this release also includes a waiver and release of any and all claims related to allegations made before the U.S. Equal Employment Opportunity Commission ("EEOC"), the NYS Division of Human Rights, and/or the New York City Commission on Human Rights, as well as any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or

any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement. Plaintiff is not waiving or releasing any nonwaivable statutory protections. Plaintiff is not waiving or releasing any claims under New York Military Laws; any claims under New York Labor Law §§ 220 to 224; or any unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in this release prohibits Plaintiff's right to testify, assist, or participate in an investigation, hearing, or proceedings conducted by the EEOC. Nothing contained in this Agreement shall be construed to prohibit Plaintiff from; (i) bringing any action to enforce the terms of this Agreement; (ii) participating in any investigation or proceeding conducted by, the EEOC or any other federal, state, or local government agency that is authorized to enforce or administer any law, rule, or regulation; (iii) reporting possible violations of any law, rule, or regulation to any governmental agency or entity that is authorized to enforce or administer any law, rule, or regulation; or (iv) making other disclosures that are protected under whistleblower provisions of any law, rule or regulation. However, by signing below, Plaintiff acknowledges and agrees that he waives not only his right to recover money or any other relief in any action or complaint he might commence, but also his right to recover in any action brought by any government agency or other party, whether brought on his behalf or otherwise. Furthermore, the parties stipulate as part of the Agreement that any decision rendered in *NYS UCS v PERB*, (N.Y.S. Sup. Court App. Div., 1st Dep't), Docket No. 2024-04036, or any appeal thereof, will not affect the terms of this settlement as to the remedy (a compromised monetary amount for lost wages and benefits and emotional distress damages) and Plaintiff may be entitled to any award or settlement of any non-monetary relief provided therein which is not provided by this Agreement, including but not limited to pension time, accruals, and any other non-monetary relief.

11

11. **No Other Action or Proceeding Commenced:** Other than the Action and the Special Proceeding, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against the Released Parties, and/or any of its present and former agencies, entities, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, and on his or his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement. Plaintiff agrees that neither he nor his legal representative in the Special Proceeding shall perfect the appeal taken in the Special Proceeding or vacate the dismissal of the appeal pursuant to 22 N.Y.C.R.R. § 1250.10 (a) for failure to perfect the appeal.

12. **No Other Attorney:** Plaintiff represents and warrants that other than the undersigned attorneys for Plaintiff, no attorney has a lien on the settlement proceeds in the Action or for services rendered to Plaintiff in the Action, or in any other action or judicial or administrative proceeding alleging any of the acts, transactions, occurrences, or omissions asserted in the Action, whether pursuant to the provisions of §§ 475 and 475-a of the New York Judiciary Law or any other state or federal law, or contract, or otherwise.

13. **No Prevailing Party:** Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

14. **Binding Effect on Successors and Assigns:** The terms and conditions of this

12

Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

15.    **Authority**:  Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

16.    **Voluntary Agreement**:  Plaintiff represents that he has thoroughly discussed all aspects of this Settlement Agreement (including the General Release set forth in Paragraph 10) with his attorneys, that he is represented by counsel, and Plaintiff represents that he has carefully read and fully understands all of the provisions of the Settlement Agreement. Plaintiff represents that he executes and delivers the Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that he understands its terms, contents, and effect. Plaintiff acknowledges that he has been advised of his right to seek the advice of an attorney and that he is and has been represented by counsel of his own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or any one acting on behalf of any party.

17.    **Negotiated Agreement**:  The parties acknowledge that each party has participated and cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

18.    **No Admission of Liability**:    Nothing contained herein shall constitute an admission by Defendants or the State of New York that they deprived Plaintiffs of any right or failed to perform any duty under the constitutions, charters, statutes, rules, regulations, or other

laws of the United States or, the State of New York, or the City of New York, or that any action or inaction by them was unlawful or wrongful. It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken and payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this Action or dispute or as constituting any admission of wrongdoing or liability on the part of Defendants, the State of New York, or any of its present and former agencies, entities, departments, offices, subdivisions, subsidiaries, affiliates, administrators, principals, officers, employees, directors, members, trustees, shareholders, agents, attorneys, insurers, heirs and assigns, whether in their individual or official capacities, or any of them, or all of them, and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, custom, or practice of Defendants or the State of New York, or any of its agencies, offices, departments, divisions, subdivisions, officials, employees, or agents, whether in their individual or official capacities.

19.    **No Precedential Value:** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised, or that could have been raised, in the Action, or any other action or proceeding. This Settlement Agreement shall have no precedential value or effect whatsoever, and shall not be admissible in any action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce this Settlement Agreement. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop the Defendants or the State of New York, or any of its present and former agencies, entities, departments, offices, subdivisions, subsidiaries, affiliates, administrators, principals, officers, employees, directors, members, trustees, shareholders, agents,

14

attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues and claims raised in said actions or proceedings, or from advancing any defenses.

20.    **Entire Agreement:**  This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates entirely all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

21.    **Governing Law:**  The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, without regard to the conflict of laws provisions of New York law, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

22.    **Severability:**  With the exception of Paragraphs 1, 2, 3, 6, and 10 of this Settlement Agreement, if any provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

23.    **Headings:**  The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

24.    **Submission to the Court:**  Upon signature by all parties and counsel for parties, this Settlement Agreement shall be submitted without further notice to the Court to be "So

Ordered."

25.     **Counterparts:** This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument, and may be executed by facsimile or PDF signature and notary seal.

26.     **Acknowledgement of Full Understanding:** Plaintiff acknowledges and agrees that Plaintiff has fully read, understand, and voluntarily enters into this Settlement Agreement. Plaintiff acknowledges and agrees that Plaintiff has had an opportunity to ask questions and consult with an attorney of Plaintiff's choice before signing this Settlement Agreement. Plaintiff further acknowledges that Plaintiff's signature below is a binding agreement that releases and/or waives claims, including claims that may be contingent or unknown against the Defendants and all Released Parties, including the State of New York.

**IN WITNESS WHEREOF,** the parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date indicated below.

**THIS SETTLEMENT AGREEMENT INCLUDES A RELEASE
OF ALL KNOWN AND UNKNOWN CLAIMS**

Dated: _____ 11|6 _____ , 2025

VINCE DEMARIA

STATE OF __Newyork__ )
                                    ) ss.:
COUNTY OF _____Kings_____ )

On the 6 day of ___November___, 2025, before me personally came and appeared VINCE DEMARIA, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

KAMAL P. SONI
Notary Public, State of New York
No. 01SO6089849
Qualified in Kings County
Commission Expires March 31, 2027

17

Dated: _____11/6_____, 2025

SIRI & GLIMSTAD, LLP
*Attorney for Plaintiff*
By:

_____

Jack R. Spitz, Esq.
Siri & Glimstad, LLP,
8 Campus Drive, Suite 105PMB#161,
Parsippany, New Jersey 07054
(609) 442-7593

Dated: _____, 2025

DAVID NOCENTI
Counsel, NYS Office of Court Administration
*Attorney for* UCS and OCA

By:

_____

Pedro Morales, Esq.
Assistant Deputy Counsel
25 Beaver Street, 10th Floor
New York, NY 10004
(212) 428-2150

Dated: _____11/6_____, 2025

**SO ORDERED:**

_____

Honorable Paul A. Engelmayer
United States District Judge

Dated: _____ ____, 2025

SIRI & GLIMSTAD, LLP
*Attorney for Plaintiff*
By:

_____

Jack R. Spitz, Esq.
Siri & Glimstad, LLP,
8 Campus Drive, Suite 105PMB#161,
Parsippany, New Jersey 07054
(609) 442-7593


Dated: November 6, 2025

DAVID NOCENTI
Counsel, NYS Office of Court Administration
*Attorney for* UCS and OCA

By:

_____

Pedro Morales, Esq.
Assistant Deputy Counsel
25 Beaver Street, 10th Floor
New York, NY  10004
(212) 428-2150


Dated: _____ _____, 2025

**SO ORDERED:**

_____

Honorable Paul A. Engelmayer
United States District Judge

18

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCE DEMARIA,

                       Plaintiff,

     - against -

NEW YORK STATE UNIFIED COURT SYSTEM and
NEW YORK STATE OFFICE OF COURT
ADMINISTRATION

                  Defendants.

**PLAINTIFF'S**
**DECLARATION**
**REGARDING MEDICARE**

23-cv-03627 (PAE) (SN)

       VINCE DEMARIA declares under penalty of perjury that the foregoing is true and correct:

1.     I am the Plaintiff in the above-captioned action ("Action").

2.     I submit this affirmation on personal knowledge as the Plaintiff. I am aware that it will be relied upon by the Office of the Attorney General ("OAG") in connection with the settlement of or the judgment in the Action as it relates to the OAG's obligations concerning Medicare compliance pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP").

3.     I understand that a query has been or will be made pursuant to Section 111 of the MMSEA, 42 U.S.C. § 1395y(b)(8), to verify my Medicare status due to the injuries alleged in the Action.

4.     I acknowledge and understand that pursuant to the MMSEA and MSP and as mandated by the U.S. Centers for Medicare and Medicaid Services rules and regulations, I am, as Plaintiff, required to:

    a.   reimburse Medicare from the proceeds of the settlement or judgment in the Action for conditional payments Medicare has made for treatment of my injuries alleged in the Action; and

    b.   use the settlement or judgment proceeds in the Action to pay for my future medical expenses, when those expenses are for care or treatment related to the injuries alleged in the Action.

5.   I further acknowledge that the information provided herein will be relied upon by the OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the MMSEA and MSP as deemed necessary and/or required by the OAG.

6.   I agree to promptly provide OAG with any and all information necessary and required for its reporting pursuant to Section 111 of the MMSEA and MSP.

## PEDIGREE INFORMATION

7.   I have been known by the following names (include all alias name[s], and/or former name[s]): _____. I acknowledge that I may be or was identified by this/these name(s) and all these names do, indeed, refer to me.

8.   I consent to OAG verifying my Medicare status for purposes of OAG's compliance with Section 111 of the MMSEA and MSP.

9.   I affirm that:

   a.  My social security number is: _____
   b.  My date of birth is _____
   c.  My gender is _____

## CURRENT MEDICARE STATUS
*Please initial next to the statements below that apply to your current Medicare status.*

10.  As of the effective date of the settlement or judgment in the Action:

   a.  _____ I am not currently receiving, nor have I ever received Medicare coverage and/or benefits, including coverage or benefits under Medicare Part A (Hospital Insurance), Part B (Medical Insurance), Part C (Medicare Advantage), and Part D (Prescription Drug Coverage) (hereinafter "Medicare").

**OR**

11.  As of the effective date of the settlement or judgment in the Action:

   a.  _____ I am a Medicare beneficiary. My Medicare number is _____. I am aware of my obligation to reimburse Medicare, including any Medicare Part C and Part D Plans, for payments and/or benefits that I received directly or indirectly from Medicare for medical treatment of expenses for injuries that were alleged in the Action. I understand that reimbursement directly to Medicare may be made from the proceeds I receive from the settlement or judgment in the Action; and, with respect to

      i.  _____ Medicare (Part A and Part B) has confirmed that no payment is due and owing from the proceeds of the settlement or judgment in the Action. **Attached is a copy of the Medicare Conditional Payment letter and/or Final Demand Letter regarding Medicare Parts A and B.**

21

ii. _____ Medicare (Part C and Part D), if applicable, have confirmed that no payment is due and owing from the proceeds of the settlement or the judgment in the Action. **Attached is a copy of the Medicare Lien Letter regarding Medicare Part C and Part D, if applicable.**

iii. _____ Medicare (Part A and Part B) has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the proceeds of the settlement or the judgment in the Action. **Attached is a copy of the Medicare Conditional Payment Letter and/or Final Demand Letter regarding Medicare Parts A and B.**

iv. _____ Medicare (Part C and Part D) have confirmed that it/they will accept the total amount of $_____ (for Medicare Part C) and $_____ (for Medicare Part D) as full and final reimbursement of all Medicare payments made, to date under Medicare Part C and Medicare Part D. In accordance with the attached Medicare Lien Letter(s), I consent to the payment of these sums in a total of $_____ directly from the proceeds of the settlement or the judgment in the Action in reimbursement to the provider(s) of my Medicare Part C and Part D benefits. **Attached is a copy of the Medicare Lien Letter regarding Medicare Parts C and D, as applicable.**

v. _____ I am awaiting a Conditional Payment Letter and/or Final Demand Letter from Medicare. Upon receipt, I will promptly provide it to the assigned Assistant Attorney General Matthew Henry and to OAG's Medicare Compliance Officer by email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me against the OAG for any delay in payment pursuant to the terms and conditions of the settlement or judgment in the Action prior to OAG's receipt of all necessary documentation from me issued by Medicare. In accordance with the Medicare Conditional Payment Letter and/or Final Demand, I consent to the payment, directly from the proceeds of the settlement or judgment in the Action, of the sum stated in the Medicare Conditional Payment Letter and/or Final Demand as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

11. _____I am an incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision, and treatment for injuries that are alleged in the action has been provided by or through the Department of Corrections and Community Supervision.

12.

## FUTURE MEDICARE STATUS
*Please initial next to the statements below that apply to your future Medicare status.*

13. As of the effective date of the settlement or judgment in the Action:

       a.   _____ I am not Medicare eligible and have no reasonable expectation of becoming Medicare eligible within 30 months of the effective settlement or judgment date in the Action because (check *all* subparagraphs that apply):

           i.   _____ I have not applied for social security disability (SSDI):

          ii.   _____ I have been denied SSDI and anticipating appealing that decision;

       iii.   _____ I am not in the process of appealing or re-filing for SSDI;

       iv.   _____ I am not 62.5 years or older; and

        v.   _____ I do not have End Stage Renal Disease (a qualifying condition for Medicare).

**OR**

14.     As of the effective date of the settlement or judgment in the Action:

       a.   _____ I am not a Medicare beneficiary and have no reasonable expectation of becoming a Medicare beneficiary within 30 months of the effective settlement or judgment date in the Action because I do not reasonably expect my current incarceration to end within 30 months.

**OR**

15.     As of the effective date of the settlement or judgment in the Action:

       a.   _____ I am not a Medicare beneficiary; **however,** I do anticipate that I will become a Medicare beneficiary within 30 months of the effective settlement or judgment date in the Action; and

           i.   _____ I do **not** require any future treatment for injuries that are alleged in the Action. The required attached physician certification confirms that there is no anticipated future treatment required for the injuries alleged in the Action. **Attached is a copy of the Physician Certification.**

**OR**

          ii.   _____ I do require future treatment for the injuries that are the subject of the Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of \$_____, payable to _____ from the total proceeds of the settlement or judgment in the Action. I affirm this sum will be used for my future medical expenses relating to the injuries alleged in the Action. **Attached is a copy of the MSA Trust.**

**OR**

iii. _____ I have not sought treatment for the injuries alleged in the Action and, as such, there are no medical expenses relating to the injuries alleged. Furthermore, I do not anticipate seeking medical treatment for the injuries alleged in the Action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the settlement or judgment in the Action to pay for any medical expenses relating to such injuries.

16.     As of the effective date of the settlement or judgment in the Action:

a.     _____ I am a Medicare beneficiary; and

i. _____ I do not require any future treatment for injuries that are alleged in the Action. The required attached physician certification confirms that no anticipated future treatment is required for the injuries that are alleged in the Action. **Attached is a copy of the Physician Certification.**

**OR**

ii. _____ I do require future treatment for the injuries that are alleged in the Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the settlement or judgment in the Action. I affirm this sum will be used for my future medical expenses relating to the injuries alleged in the Action. **Attached is a copy of the MSA Trust.**

**OR**

iii. _____I have not sought treatment for the injuries alleged in the Action and, as such, there are no medical expenses relating to the injuries alleged. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in the Action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the settlement or the judgment in the Action to pay for any medical expenses relating to such injuries.

**OR**

iv. _____I am incarcerated by the New York State Department of Correctional Services. I receive my medical care and treatment from the Department of Corrections and Community Supervision. Because I do not reasonably expect my current incarceration to end within 30 months of the effective date of the settlement or judgment in this Action, I have no reasonable expectation of becoming a Medicare beneficiary within 30 months of the effective date of settlement or judgment in this Action.

24

I declare under the penalties of perjury under the laws of New York or under the laws of the United States pursuant to 28 U.S.C. 1746, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: _____, New York

_____
Month, Day, Year

_____
VINCE DEMARIA

25